900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lawrence HAMLETT, Defendant-Appellant.
 No. 89-5870.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael Hamlett appeals his sentence of 39 months' imprisonment after conviction for conspiracy to distribute cocaine on the ground that the trial court erred in adding two points to Hamlett's sentencing guideline offense level for being an "organizer, leader, manager, or supervisor" under U.S.S.G. Sec. 3B1.1(c). Because we hold that the trial judge's finding that Hamlett was an organizer was not clearly erroneous, we affirm the sentence.
 
 I.
 
 2
 After an FBI agent had made two successful undercover cocaine purchases from Sandra Darlene Davis, she was confronted with evidence of her illegal activity and agreed to cooperate in an investigation of appellant Michael Hamlett. Davis arranged and successfully concluded two purchases of cocaine from Hamlett, once at his place of work and once at the apartment of Patricia Sangster. Davis was wired for sound at both purchases. After completing the second purchase, and while Davis and Hamlett were still in Davis's car, FBI agents stopped the car, arrested Hamlett, and found money and cocaine on him.
 
 
 3
 Hamlett was indicted on nine drug-related counts. Davis and Sangster were named as co-defendants on some of the counts. As part of a plea bargain, Hamlett pled guilty to the first count, conspiracy to distribute cocaine, and the other counts were dismissed. On February 9, 1989, the district court sentenced Hamlett to 39 months' imprisonment and five years' supervised release.[1] On April 13, 1989, this court vacated the sentence and remanded to the district court for resentencing under the sentencing guidelines, which had been ruled constitutional by the Supreme Court in the interim. The second sentencing hearing on June 26, 1989, resulted in the same sentence as the first.
 
 II.
 
 4
 The presentence report recommended that Hamlett be assessed two additional offense level points for being an organizer or leader of a criminal activity. At the initial sentencing hearing, however, the United States agreed with Hamlett's position that he should not be assessed the additional offense level points. Nevertheless, the district court found that Hamlett was the "dominant and controlling force" in the conspiracy involving him, Davis, and Sangster. It added two points to Hamlett's offense level, raising it to 20. Hamlett's criminal history category was IV. The applicable sentencing range was 51-63 months. The court then made a downward departure of 12 months from the minimum level of the range, pursuant to the government's recommendation. At the second sentencing hearing, the court reaffirmed its previous reasoning.[2]
 
 
 5
 In making sentencing determinations under the guidelines, the trial judge is not bound by the position of the government. The statute which confers jurisdiction on this court to review those determinations provides that the court of appeals "shall accept the findings of fact of the district court unless they are clearly erroneous...." 18 U.S.C. Sec. 3742(e). United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, 109 S.Ct. 3227 (1989). The question of a defendant's role in the offense is essentially a factual determination. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989). Thus we will reverse the district court's sentence only if its finding was clearly erroneous. Appellant now argues that there was no evidence on which to base the trial judge's decision that he was an organizer or leader and that the sentence must therefore be vacated. We disagree. Codefendant Davis went to Hamlett for her supply of cocaine; Hamlett stored some of his supply of cocaine at Sangster's apartment and he had dominion over the cocaine at Sangster's apartment. The section of the guidelines under which Hamlett received the two-level increase only requires that the defendant be any of the following: an organizer, leader, manager, or supervisor. Under the circumstances, we hold that the trial court's determination that Hamlett deserved a two-level increase in his offense level was not clearly erroneous.
 
 
 6
 Appellant bases his argument on the Application Notes to section 3B1.1 of the guidelines. He argues that Note 3 lists various factors that the court should consider when determining whether a defendant played an aggravating role in the offense.[3] That note, however, merely addresses distinguishing leaders and organizers on the one hand from managers and supervisors on the other. In appellant's case, the distinction is irrelevant. The distinction applies only to criminal activity that involves five or more participants, in which case the guidelines provide different offense level penalties for leaders and organizers (4 points) and managers and supervisors (3 points). Where the criminal activity involves less than five participants, as in this case, the guidelines provide for a two level increase regardless of whether one is a leader, organizer, manager, or supervisor.
 
 
 7
 For the foregoing reasons, we AFFIRM the sentence imposed by the district court.
 
 
 
 [1]
 The sentence imposed on February 9, 1989 stated that it was not imposed under the sentencing guidelines because the United States District Court for the Middle District of Tennessee had previously ruled the guidelines unconstitutional. Despite the disclaimer, the transcript of the February 9 sentencing hearing reveals that the court conducted the sentencing in conformity with the sentencing guidelines
 
 
 [2]
 If we were to accept appellant's argument that the two-level increase was erroneous, his proper offense level would be 18, resulting in a sentencing range of 41-51 months. Even the lower end of that range is a sentence two months greater than appellant actually received. Appellant's argument is therefore premised on the district court's intending a 12-month downward departure from any sentencing range. Although our holding in this case does not require us to decide the issue, we note that this court rejected a similar argument in United States v. Hyneman, No. 89-5422 (6th Cir. November 17, 1989) (unpublished)
 
 
 [3]
 These include "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." Sec. 3B1.1 (Application Note 3)